# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SAMUEL DAGGETT,                       )
                                      )
    Plaintiff,                        )
                                      )
    v.                                )   Case No.  2:19-cv-1692
                                      )
JPL RECOVERY, LLC, d/b/a JPL          )
Management Group,                     )
                                      )
    Defendant.                        )

## PLAINTIFF'S COMPLAINT

Plaintiff, SAMUEL DAGGETT ("Plaintiff"), through his attorney, SHARON D. COUSINEAU, alleges the following against Defendant, JPL RECOVERY, LLC, d/b/a JPL Management Group ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

PLAINTIFF'S COMPLAINT

1

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. §§ 1331 and 15 U.S.C. §1692k

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Shoreline, King County, State of Washington.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Florida limited liability company and national collection agency headquartered in the City of Orlando, Orange County, State of Florida.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff originating as an Advance America debt.

16. The alleged debt at issue arises from transactions for personal, family, and household purposes.

17. In or around September 2019, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone at 425-312-5296 in an attempt to collect the alleged debt.

18. On or about September 11, 2019, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors who identified himself as "Richard."

19. During the above-referenced collection call:

   a. Richard demanded a $400 payment from Plaintiff;

   b. Richard threatened that if Plaintiff did not pay $400 immediately, Defendant would sue Plaintiff and the amount owed by Plaintiff would increase to $3,000;

   c. Richard coerced Plaintiff into a payment plan.

20. To date, Plaintiff has not made any payments to Defendant (Plaintiff cancelled his credit card before the first payment could be processed).

21. Defendant's collector, Richard, also leaves voicemail messages for Plaintiff.

22. With regard to the above-referenced voicemail messages:

   a. Richard failed to disclose that the call was coming from JPL Recovery, LLC;

   b. Richard failed to disclose that the communication was made in an attempt to collect

PLAINTIFF'S COMPLAINT

3

      a debt; and

   c. Richard threatened Plaintiff with a lawsuit because Plaintiff did not make the payments.

23. To date, Defendant has not sued Plaintiff.

24. Defendant has never intended to sue Plaintiff.

25. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

26. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant engaged in all of the harassing misconduct alleged above, including coercing Plaintiff into agreeing to a payment plan as a result of the empty threats of legal action and the balance due ballooning from $400 to $3,000;

   b. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's voicemail messages to Plaintiff failed to disclose that the calls were from JPL Recovery, LLC;

PLAINTIFF'S COMPLAINT

4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's voicemail messages to Plaintiff failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

d. Defendant further violated § 1692e of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted to violate the debt collection laws with impunity when it engaged in coercive tactics in its attempt to collect the alleged debt;

e. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collector coerced Plaintiff into agreeing to a payment plan as a result of the empty threats of legal action and the balance due ballooning from $400 to $3,000;

f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's voicemail messages to Plaintiff failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

g. Defendant further violated § 1692e(10) of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted to violate the debt collection laws with impunity when it engaged in coercive tactics in its attempt to collect the alleged debt;

h. Defendant violated § 1692e(11) of the FDCPA when Defendant's voicemail

PLAINTIFF'S COMPLAINT

5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

messages to Plaintiff failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

i. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector coerced Plaintiff into agreeing to a payment plan as a result of the empty threats of legal action and the balance due ballooning from $400 to $3,000; and

j. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, SAMUEL DAGGETT, respectfully requests judgment be entered against Defendant, JPL RECOVERY, LLC, d/b/a JPL Management Group, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

DATED:  October 21, 2019                                RESPECTFULLY SUBMITTED,

By: /s/Sharon D. Cousineau
Sharon D. Cousineau
SAMWEL COUSINEAU, PC
700 West Evergreen Blvd.
Vancouver, WA 98660
Tel. 360-750-3789
Fax 360-750-3788
sdcousineau@gmail.com